UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　Plaintiff,<br><br>v.<br><br>LARRY A. HOLLEY,<br><br>　Defendant. | Case No. 18-20224<br>Honorable Laurie J. Michelson |

**ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE [111]**

Larry Holley, a former pastor in Flint, Michigan, used his position of trust to defraud 140 victims out of their retirement funds and other savings by convincing them to invest in purported real estate deals in the Flint area. In reality, he was operating a Ponzi scheme. Many elderly investors lost their life savings and their means to provide for themselves and their families. Following a civil action by the Securities and Exchange Commission, Holley was indicted on charges of fraud and money laundering. (ECF No. 1.) He pled guilty on July 8, 2019, to one count of conspiracy to commit wire and mail fraud. (ECF No. 39.) His guidelines range was 151–188 months. (*See* ECF No. No. 89, PageID.828 (Sealed).)

While a guidelines sentence would have been sufficient but not greater than necessary to achieve the purposes of sentencing, the Court ultimately granted a substantial downward variance to 100 months' imprisonment. (ECF No. 85.) This was due in large measure to Holley's serious medical issues, including his end-stage renal

disease and need for dialysis. The Court also extended Holley's report date to the Bureau of Prison's Federal Medical Center Devens by four months to enable him to receive additional care for these medical issues. (*See* ECF No. 110.) In other words, the Court was aware that Holley would serve significant time while battling health concerns.

Having served a little more than three-and-a-half years of his below-guidelines sentence, Holley, proceeding *pro se*, asks the Court to end his prison term now and grant him compassionate release. (ECF No. 111.) But his motion provides no information to suggest that he is unable to care for himself in prison or that the federal medical center where he is housed is unable to adequately address his medical issues. Equally fatal, Holley makes no showing that the factors in 18 U.S.C. § 3553(a) support his release. And the government has made a compelling showing that compassionate release is not warranted. (ECF No. 113.) Thus, Holley's motion is DENIED.

## I.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is compassionate release. The compassionate release statute allows the Court to reduce a defendant's sentence if it finds, after a defendant has exhausted his administrative remedies or 30 days after the warden receives a request for compassionate release, that "extraordinary and compelling reasons" warrant a reduction; that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission";

and that the sentencing factors under 18 U.S.C. § 3553(a), to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has recently amended its policy statement in U.S.S.G. § 1B1.13 to cover compassionate-release motions filed directly by defendants (as well as those brought by the Director of the Bureau of Prisons).

### A.

The First Step Act's exhaustion requirement is mandatory. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). The government does not dispute that Holley's unsuccessful efforts to seek compassionate release from the warden (ECF No. 111, PageID.966) satisfy this requirement (ECF No. 113, PageID.1033).

### B.

Congress assigned to the Sentencing Commission "the task of describing what could be considered extraordinary and compelling reasons for sentence reduction." *United States v. Bricker*, 135 F.4th 427, 433 (6th Cir. 2025) (citing 28 U.S.C. § 994(t)). The Sentencing Commission obliged through its policy statement, U.S.S.G § 1B1.13, which was amended in November 2023 to modify and add categories. *See* U.S.S.G. § 1B1.13(b); *see also United States v. Washington*, 122 F.4th 264, 267 (6th Cir. 2024).

Holley's motion (a filled-out version of the Court's "Pro Se Motion for Compassionate Release" form) contains check boxes that correspond with each of these provisions. (ECF No. 111, PageID.967–968.) He selects the ones that deal with a defendant's age, medical conditions, and facility disease outbreak, as well as the "other reasons" catch all. (*Id.*) But he develops no meaningful argument as to any of

3

them. For this reason alone, the motion could be denied for failing to establish an extraordinary or compelling reason for a sentence reduction. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." (alteration in original) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997))); *United States v. Onamuti*, No. 22-2984, 2023 U.S. App. LEXIS 7844, at *3 (7th Cir. Apr. 3, 2023) ("[I]f the defendant does not meet his burden of establishing 'extraordinary and compelling circumstances' for release, the judge may deny the motion regardless of any government response."). But given Holley's *pro se* status, the Court will briefly address the statutory provisions he identifies.

**1.**

First, "extraordinary and compelling reasons exist" where "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2). The 68-year-old Holley began serving his 100-month sentence in mid-April 2022. Thus, he has not served 10 years or 75 percent of his sentence. So this provision does not apply.

4

**2.**

Next, the Court can find extraordinary and compelling circumstances where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13(b)(1)(B).

There is no dispute that Holley is suffering from a serious medical condition. As summarized by the warden in his denial of Holley's request for compassionate release, Holley suffers from "right partial nephrectomy, anemia, secondary hyperparathyroidism, myopia, impacted cerumen, hypertension, acute embolism and thrombosis of vein with femoral catheter, and end stage renal disease on peritoneal dialysis." (ECF No. 111, PageID.984 (citation modified); *see id.* at PageID.980.) Since the filing of his motion, it also appears that Holley is receiving treatment at Beth Israel Hospital in Massachusetts for laryngeal cancer. (ECF No. 115, PageID.1069.)

At this time, however, nothing suggests that Holley's medical conditions are preventing him from self-care. "Courts have traditionally interpreted 'the ability of the defendant to provide self-care' to mean one's ability to independently perform activities of daily living and provide basic personal care (e.g., use the toilet, shower, ambulate, eat, etc.)." *United States v. Bolze*, No. 09-093, 2020 U.S. Dist. LEXIS 193627, at *24–25 (E.D. Tenn. Oct. 20, 2020) (collecting cases); *see also United States v. Jarvis*, No. 20-00561, 2024 WL 3039952, at *2 (N.D. Ohio June 18, 2024) ("Self-

5

care refers to something more basic—the ability to independently carry out standard daily living tasks such as dressing, eating, or taking prescribed medication.").

Indeed, Holly's motion acknowledges that he does not require assistance with activities of daily living such as bathing, walking, and toileting. (ECF No. 111, PageID.974.) The prison medical records supplied by the government confirm that Holley ambulates freely. (ECF No. 115 (Sealed).) He is able to take classes and participate in programming. (ECF No. 111, PageID.996–997.) The warden likewise explained that Holley "reside[s] on an open housing unit," is "independent with [his] activities of daily living," and that "FMC Devens is able to manage [his] medical needs at this time." (*Id.* at PageID.984.)

Thus, compassionate release is not warranted under § 1B1.13(b)(1)(B).

### 3.

The provision most applicable to Holley's circumstances is § 1B1.13(b)(1)(C), which states that extraordinary and compelling reasons exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Again, there is no dispute that Holley suffers from serious, degenerative medical conditions. This was also true at that time Holley was sentenced. That is the reason the Court recommended, and the BOP designated Holley to, a Federal Medical Center. The Sixth Circuit has "recognized that end-stage kidney failure . . . is an extraordinary and compelling circumstance counseling in favor of compassionate release." *United States v. Moody*, No. 24-4095, 2025 U.S. App.

6

LEXIS 28524, at *6 n.3 (6th Cir. Oct. 29, 2025). But the present record does not suggest that Holley lacks adequate care and treatment at FMC Devens.

As the government explained in response to one of Holley's requests to extend his self-reporting date, "FMC Devens has on-site medical care available seven days a week, with medical staff on duty at all times, and additional access to local medical facilities and medical referral centers. FMC Devens also has all specialty areas of medicine available, which specifically includes dialysis treatment for inmates with renal failure." (ECF No. 109, PageID.957–958 (citations omitted).) For his part, Holley attaches a recent news article about the budget and staff cuts at FMC Devens and the risks to inmate care as a result. (ECF No. 111, PageID.1007–1011.)

But the 600 pages of Holley's medical records (which are not even a complete set) support the warden's position that FMC Devens is presently able to manage Holley's medical care. (ECF No. 115 (Sealed).) He receives dialysis and appropriate medications for his other conditions as well as regular medical monitoring by and visits with healthcare providers who have been responsive to his health concerns. (*Id.*) As aptly summarized by the government, "Holly's medical records confirm that his health appears to be well maintained." (ECF No. 113, PageID.1040); *see also United States v. Larkin*, No. 21-20755, 2025 U.S. Dist. LEXIS 31738, at *9 (E.D. Mich. Feb. 21, 2025) ("The Court has carefully reviewed those records and finds that they show that [defendant] has received continuous and adequate medical care. He has been regularly provided his required medications and care, testing, and treatment

7

when necessary, including consultation with and treatment by relevant cardiology specialists.").

At this time, given the current record, the Court cannot find that the BOP is unable to manage Holley's challenging health conditions such that he needs to be released immediately.

4.

The Court can more quickly dispose of Holley's remaining options. (*See* ECF No. 111, PageID.968.)

An extraordinary and compelling reason for compassionate release exists if a defendant establishes that he is "housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency." U.S.S.G. § 1B1.13(b)(1)(D). Holley has made no such showing as to FMC Devens.

Lastly, Holley references the catch-all provision under which an extraordinary and compelling reason for release can be established where "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [medical conditions, age, family circumstances, victim of abuse], are similar in gravity to those described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5).

True, Holley "has completed several rehabilitation programs," "has helped several inmates learn the bible," and "has not received any disciplinary write-ups." (ECF No. 111, PageID.981.) This is commendable conduct and consistent with the

8

good works Holley provided to his community before the underlying offense. But "good conduct and rehabilitation in prison are 'expected from all inmates.'" *United States v. Johnson*, No. 11-20767, 2025 U.S. Dist. LEXIS 138835, at *9 (E.D. Mich. July 21, 2025 (collecting cases). In other words, these efforts are not extraordinary and compelling or similar in gravity to the other reasons set forth in the Sentencing Commission's policy statement.

In sum, Holley has not established an extraordinary and compelling reason that warrants his immediate release from prison.

## C.

Acknowledging that the Sixth Circuit has recognized end-stage renal disease as an extraordinary and compelling circumstance, *see Moody, supra*; *United States v. Jones*, No. 21-1232, 2021 WL 5918305, at *2 (6th Cir. Sept. 23, 2021), this Court may "still deny relief if it finds that the 'applicable' § 3553(a) factors do not justify it." *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). The defendant carries the burden to show that the sentencing court's analysis of the § 3553(a) factors would be "different if conducted today" than at the time of sentencing. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

But Holley's motion offers no real analysis of the factors. So he has failed to carry his burden. Indeed, he has forfeited the issue. *United States v. Alderson*, No. 23-1779,  2024 U.S. App. LEXIS 6474, at *2 (6th Cir. Mar. 18, 2024) ("Before turning to the § 3553(a) factors, we note that [defendant] has likely forfeited any argument on the district court's balancing of § 3553(a) factors because his brief is 'skeletal' at

best and requires us 'to put flesh on its bones,' which we are loath to do." (quoting *United States v. Hendrickson*, 822 F.3d 812, 829 n.10 (6th Cir. 2016))).

Additionally, Holley's medical issues are not new. They existed and the Court considered them at the time of sentencing. *See United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021) ("A court must first find that the facts of the defendant's personal circumstances changed after sentencing in a way that is 'extraordinary and compelling,' before a court is permitted to weigh (or revisit) the § 3553(a) factors." (emphasis omitted)).

Lastly, reducing Holley's sentence further would not satisfy the purposes of the § 3553(a) factors. As the government aptly summarized:

> Holley and his codefendant conducted an aggravated fraudulent scheme that had devastating financial and emotional effects on its victims. The scheme, which Holley led, ensnared at least 141 recognized victims across multiple states, who suffered losses of more than $ 8.8 million. His actions were made more egregious by his position of trust as a pastor, and his abuse of that position to gain access to the retirement funds and savings of his elderly victims.

(ECF No. 113, PageID.1042.) Thus, to end Holley's term of imprisonment now would fail to reflect the seriousness of the offense, promote respect for the law, provide adequate deterrence or punishment, or avoid unwarranted sentencing disparities, *see* 18 U.S.C. § 3553(a)(2)—especially where Holley's already reduced sentence accounted for many of the facts weighing in his favor, particularly his serious health conditions.

So even evaluating the relevant § 3553(a) factors does not warrant an additional reduction in Holley's sentence.

## II.

For these reasons, Holley's motion for compassionate release (ECF No. 111) is DENIED.

IT IS SO ORDERED.

Dated: November 5, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
United States District Judge
